IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOLAN RENIE, DESTINI RENIE, and<br>ADAM RENIE,<br>        Plaintiffs,<br><br>And<br><br>CHARLES A. BEARD SCHOOL<br>CORPORATION and its BOARD OF<br>EDUCATION,<br>        Defendants. | )<br>)<br>)<br>)<br>) Cause No.    1:21-cv-203<br>)<br>)<br>)<br>)<br>) |

COMPLAINT and DEMAND FOR TRIAL BY JURY

COME NOW, Plaintiffs Nolan Renie and his parents, Adam and Destini Renie, and do hereby bring this action against Defendants, Charles A. Beard School Corporation for discrimination against Nolan on the basis of his disability.  Plaintiffs hereby request a trial by jury in this matter.

INTRODUCTION

1.   This action is brought pursuant to the Fourteenth Amendment of the U.S. Constitution, Section 504 of the Rehabilitation Act of 1973, and 42 U.S.C. § 1983.

2.   Nolan is a student with a disability.  Despite his disability, he has academically excelled and twice informed by his high school that he was eligible for membership into the National Honor Society and invited to apply.

3.   Despite two applications, Nolan was denied membership to National Honor Society and was denied all the benefits of that membership when applying for college and graduating from high school.

JURISDICTION AND VENUE

4.   This Court has jurisdiction of this case pursuant to the Fourteenth Amendment of the United States Constitution, Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 1983, and 28 USC §1331, and §1367.

5.   This Court, without regard to the amount in controversy, has jurisdiction of the Plaintiffs' request pursuant to federal statutes and Indiana statutes.

6.   Venue is proper in the Southern District of Indiana, Indianapolis Division, because all of the parties live and reside in Henry County, Indiana, and all relevant action took place in Henry County, Indiana.

PARTIES

7.   Nolan is a qualified individual with a disability.  He suffers from Autism Spectrum Disorder and when he was in high school was eligible for and received special education and related services.

8.   Nolan attended Knightstown Community High School.

9.   Adam and Destini Renie are Nolan's parents.  Both advocated for Nolan to be accepted into the National Honor Society at his local high school and advocated for special education related services.

10. Knightstown Community High School ("KHS") is located at 8139 U.S. 40, Knightstown, IN 46148.

11. Knightstown Community High School is a part of the Charles A. Beard Community School Corporation ("District") located at 8139 U.S. 40 Knightstown, IN 46148.

## FACTS APPLICABLE TO ALL COUNTS

12. At all times relevant, Nolan was eligible for special education and related services. Plaintiffs collectively advocated for Nolan to receive special education and related services as well as reasonable accommodations under the Individuals with Disabilities Education Act.

13. Nolan did receive accommodations, special education and related services under the Individuals with Disabilities Education Act throughout his high school career.  Plaintiffs are not disputing whether he received a free appropriate public education.

14. Students at KHS are eligible for membership into the National Honor Society beginning their junior year of high school.

15. To apply for membership, students must have an official 3.3. GPA at the end of the sophomore or junior year; must complete all parts of the application and turn it in by the deadline; must have no documented violations of dishonesty with the school; and must provide evidence of membership in at least two extra-curricular organizations.

16. Students must also demonstrate "good character", leadership, and service.  Students applying for membership are also required to provide three letters of recommendation from school staff at KHS.

17. It is undisputed that Nolan was eligible to apply and invited, by his high school, to apply at the start of both his junior and senior years of high school.

18. KHS solicited his application to the National Honor Society both his junior and senior years.

19. Nolan provided KHS with an application, transcript, and recommendations letters that complied with the requirements.

20. Nolan otherwise timely complied with all the application materials and was eligible for induction into the National Honor Society.

21. KHS has a Faculty Council that reviews the applications to determine membership into the National Honor Society.  Both times Nolan applied, he was told that he was not selected for membership.

22. The reasons provided for the denial are arbitrary and a pretext for discrimination.

23. Nolan appealed both denials both to the principal of KHS and the superintendent of the District.  Both times, the denials were upheld.

24. The Renies have suffered damages that are financial and emotional as a result of this discrimination and seek redress in this court.

<u>COUNT I- VIOLATION OF THE FOURTEENTH AMENDMENT OF THE US</u>
<u>CONSTIUTION</u>

25. Plaintiffs hereby replead and incorporate by reference paragraphs 1-24.

26. Defendants, the District and its Board of Education ("Board") have violated the Fourteenth Amendment by not providing Plaintiffs access to the same benefits and services that are available to all other families.

27. The Plaintiffs have been emotionally and financially harmed by Defendants' actions.

<u>COUNT II- VIOLATION OF 42 U.S.C. § 1983</u>

28. Plaintiffs hereby incorporate and replead paragraphs 1-27.

29. Defendants are state actors and are using their power to willfully, wantonly, and recklessly discriminate against the Plaintiffs on the basis of his disability.

30. Defendants used their authority under state law to deprive Plaintiffs of equal protections under applicable federal laws.

31. Defendants conspired against Plaintiffs to deprive them of equal protections under applicable federal laws.

32. Defendants' actions were a gross misjudgment and made in bad faith.

33. Plaintiffs have a pattern and practice of discriminating against students with disabilities.

34. Plaintiffs have been emotionally and financially harmed by Defendants' actions.

## COUNT III- VIOLATION OF SECTION 504

35. Plaintiffs hereby incorporate and replead paragraphs 1-34.

36. Defendants have shown gross misjudgment and bad faith in denying Nolan entrance to the National Honor Society.

37. Defendants have failed to ensure that Nolan had access to the same benefits and services that were available to similarly situated non-disabled students.

38. Defendants failed to ensure Nolan received a free appropriate public education under Section 504.

39. Defendants acted recklessly, wantonly, and willfully in violation of federal laws protecting Plaintiffs.

40. Defendants failed to provide Nolan reasonable accommodations.

41. Defendants have discriminated against Plaintiffs on the basis of Nolan's disability.

42. As a result of the discrimination, Plaintiffs have suffered both financially and emotionally.

## COUNT IV- RETALIATION

43. Plaintiffs hereby incorporate and replead all allegations in paragraphs 1-41.

44. Defendants retaliated against the plaintiffs for exercising their rights under the Individuals with Disabilities Education Act and under Section 504.

45. Defendants retaliated against Plaintiffs for advocating for Nolan.

46. As a result of Defendants' retaliation, Plaintiffs have suffered emotionally and financially.

<u>PRAYER FOR RELIEF</u>

47. Plaintiffs hereby incorporate by reference and re-plead all allegations set forth in paragraphs 1-46.

48. Plaintiffs were harmed as a result of Defendants' actions and seek to be made whole financially.

49. Plaintiffs' attorneys' fees should be reimbursed.

<u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court find against Defendants and for all other relief deemed just.

Respectfully submitted,
CURLIN & CLAY LAW ASS'N. OF ATTYS.,

/s/ Alexandra M. Curlin  (Atty. No. 24841-49)
8510 Evergreen Avenue, Ste. 200
Indianapolis, IN  46240
Telephone: (317) 202-0301
Facsimile: (317) 536-3663
Email: amcurlin@curlinclaylaw.com
*Attorney for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served to the following individual(s):

Jediah Behny, Superintendent
Charles A. Beard Community School Corporation
8139 U.S. 40
Knightstown, IN 46148

/s/ Alexandra M. Curlin

Alexandra M. Curlin